UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORRAINE OUSLEY,

    Plaintiff,

v.                                                     Case #_____

THE LINCOLN NATIONAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, LORRAINE OUSLEY (OUSLEY) sues the Defendant, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (LINCOLN NATIONAL) and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. LINCOLN NATIONAL is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

### Governing Plan and ERISA Standard of Review

4. OUSLEY is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

5. OUSLEY is a former employee of Palm Garden Healthcare Holdings, LLC, Inc.

6. At all relevant times, OUSLEY was a participant in an employee benefit plan (hereafter referred to as "the Plan"), sponsored by Palm Garden Healthcare Holdings, LLC.

7. Palm Garden Healthcare Holdings, LLC, Inc. funded its Plan by purchasing a group policy of insurance (policy #000010181115) issued by LINCOLN NATIONAL. A copy of this policy is attached hereto Exhibit "A" and is incorporated by reference.

8. The group policy (Exhibit A) was drafted in its entirety by LINCOLN NATIONAL.

9. The group policy (Exhibit A) is a contract of adhesion.

10. LINCOLN NATIONAL and Palm Garden Healthcare Holdings, LLC use the group insurance policy (Exhibit A) as both the Plan document and Summary Plan Description (SPD).

11. No other plan documents exist other than the group insurance policy (Exhibit A).

12. No originating plan document exists which instituted the Palm Garden Healthcare Holdings, LLC disability plan.

13. No originating plan document or other document exists in which Palm Garden Healthcare Holdings, LLC reserved any discretionary authority to itself in relation to the Palm Garden Healthcare Holdings, LLC disability plan.

14. The employees or agents of Palm Garden Healthcare Holdings, LLC and LINCOLN NATIONAL did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from Palm Garden Healthcare Holdings, LLC to LINCOLN NATIONAL before purchasing the group insurance policy (Exhibit A) to fund its disability plan.

15. The employees or agents of Palm Garden Healthcare Holdings, LLC and LINCOLN NATIONAL did not discuss or correspond about the existence, meaning, or significance of the process required to delegate discretionary authority from Palm Garden Healthcare Holdings, LLC to LINCOLN NATIONAL before purchasing the group insurance policy (Exhibit A) to fund its disability plan.

16. At the inception of its disability plan, Palm Garden Healthcare Holdings, LLC, did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

17. At the time it purchased the group disability insurance policy (Exhibit A) from LINCOLN NATIONAL, Palm Garden Healthcare Holdings, LLC did not have any discretionary authority which it could delegate to an insurance company.

18. The group disability insurance policy (Exhibit A) was drafted entirely by LINCOLN NATIONAL.

19. No document prepared by Palm Garden Healthcare Holdings, LLC delegates any discretionary authority to LINCOLN NATIONAL.

20. Despite efforts by LINCOLN NATIONAL to include a provision titled "COMPANY'S DISCRETIONARY AUTHORITY" at page 16 of the group disability

insurance policy (Exhibit A), LINCOLN NATIONAL was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because or one or more of the following:

a) Palm Garden Healthcare Holdings, LLC, never had the authority to delegate discretion to LINCOLN NATIONAL following the inception of its disability plan;

b) Discretionary authority is a material term to the group insurance policy (Exhibit A) that Palm Garden Healthcare Holdings, LLC never discussed with LINCOLN NATIONAL;

c) The group insurance policy (Exhibit A) is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

d) If it had power to delegate discretion, Palm Garden Healthcare Holdings, LLC did not properly delegate discretionary authority over claims decisions to LINCOLN; or

e) To the extent the court determines that the above are not grounds for rejecting the grant of discretion allegedly stated in the policy, the group disability insurance policy (Exhibit A) states that LINCOLN NATIONAL "has the authority to manage this Policy, interpret its provisions, administer claims, and resolve questions arising under it." The insurance policy's language is not sufficient to confer the benefit of a discretionary or arbitrary and capricious standard of review on LINCOLN NATIONAL.

21. De novo review applies to this action.

22. To the extent that this court determines that de novo review does not apply to this action, LINCOLN NATIONAL pays claims from its own general assets as the claims decision maker and funder of the group insurance policy (Exhibit A), and LINCOLN NATIONAL operates under a conflict of interest.

23. LINCOLN NATIONAL is the Plan's claims administrator, handling claims under the insurance policy (Exhibit A).

24. Any claims paid under the group insurance policy (Exhibit A), are paid by LINCOLN NATIONAL entirely from LINCOLN NATIONAL's assets.

25. No assets of Palm Garden Healthcare Holdings, LLC are used to pay claims under the group insurance policy (Exhibit A).

### The Long Term Disability Claim

26. OUSLEY worked as a Licensed Practical Nurse at a facility owned by Palm Garden Healthcare Holdings, LLC.

27. OUSLEY made a claim for Long Term Disability benefits under the Plan after she was forced to cease working due to a combination of conditions, including but not limited to a heart disorder causing dizziness, fatigue, and shortness of breath, and pain related to osteoarthritis and degenerative disc disease in her spine.

27. LINCOLN NATIONAL has failed and refused to pay benefits since May 24, 2015 (the expiration of the 90 day elimination period stated in the group disability insurance policy, Exhibit A).

28. LINCOLN NATIONAL has refused to pay the benefits sought by OUSLEY and as ground for such refusal has alleged that Plaintiff does not satisfy the definition of total disability as stated in the Plan.

- 6 -

29.   With respect to all claims made herein, OUSLEY exhausted all administrative remedies by pursuing all necessary pre-suit appeals required under the plan and 29 C.F.R. §2560.503-1.

30.   LINCOLN NATIONAL issued it's the denial on OUSLEY's final mandatory appeal on June 13, 2016.

31.   OUSLEY is entitled to benefits under the Plan consisting for Long Term Disability since May 24, 2015 through the date of filing this action, as she has met the definition of disability based upon restrictions and limitations related to her impairments.

32.   Benefits under the group disability insurance policy (Exhibit A) are calculated at a rate of 60% of OUSLEY'S gross basic monthly earnings.

33.   OUSLEY earned $3,518.67, yielding a gross monthly benefit payment of $2,111.20.

33.   As of the date of filing this action, LINCOLN NATIONAL owes OUSLEY a total of 20 monthly benefit payments at the rate of $2,111.20, an aggregate sum of $42,224.00.

34.   Plaintiff is entitled to benefits herein because:

   (a)   The benefits are permitted under the Plan.

   (b)   Plaintiff has satisfied all conditions to be eligible to receive the benefits.

   (c)   Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

35. Each monthly benefit payment owed since May 24, 2015 is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

36. Pursuant to ERISA §502(g), 29 U.S.C. §1132(g), OUSLEY is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, LORRAINE OUSLEY, asks this Court to enter judgment against the Defendant, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, finding that:

(a) The Plaintiff is entitled to Long Term Disability benefits from May 24, 2015 through the filing of this lawsuit; and

(b) Awarding benefits in the amount not paid to the Plaintiff from May 24, 2015 to the date of filing this lawsuit - a total of $42,224.00, together with pre-judgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid, and declare entitlement to any additional benefits owed to Plaintiff from the time of filing this Complaint to the time of Judgment in this action; and

(c) Award reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper, including but not limited to:

    1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

- 8 -

2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this __1st__ day of **February, 2017**.

JOHN V. TUCKER, ESQUIRE
Florida Bar # 899917
tucker@tuckerludin.com
AMY RAY, ESQUIRE
Florida Bar # 115793
ray@tuckerludin.com
Attorneys and Trial Counsel for Plaintiff
TUCKER & LUDIN, P.A.
5235 16th Street North
St. Petersburg, Florida 33703
Tel.: (727) 572-5000
Fax: (727) 571-1415